# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 3105 | **DATE** | 1/19/2012 |
| **CASE TITLE** | Hill vs. Potter | | |

**DOCKET ENTRY TEXT**

Before the Court are Defendant Patrick R. Donahoe's motion for judgment on the pleadings, or in the alternative for summary judgment [96], and Plaintiff Carla Hill's motion for discovery [102]. For the reasons below, Defendant's motion [96] is granted and Plaintiff's motion [102] is denied as moot.

■[ For further details see text below.]           Docketing to mail notices.

## STATEMENT

Plaintiff Carla Hill filed suit against Patrick R. Donahoe, the Postmaster General of the United States Postal Service,[1] ("Postal Service"), for retaliating against her for filing complaints with the Equal Employment Opportunity Commission (EEOC). The Postal Service has filed a motion for judgment on the pleadings arguing that Hill's claims are barred by *res judicata* following the entry of a final judgment in another case that Hill filed, *Hill v. Potter*, No. 07 C 6835, *("Hill I")*. In *Hill I*, the district judge granted Defendant's motion for summary judgment, which was affirmed by the Seventh Circuit on August 30, 2011, 625 F.3d 998. Defendant argues that Hill now seeks to relitigate claims that previously were, or could have been, adjudicated in *Hill I*.

> [FN1] Patrick R. Donahoe became Postmaster General on December 6, 2010, and is thereby substituted as defendant in place of former Postmaster General John Potter, pursuant to Fed. R. Civ. P. 25(d).

Because the prior case was adjudicated in federal court, federal *res judicata* law governs. *In re Energy Coop., Inc.*, 814 F.2d 1226, 1230 (7th Cir. 1987). *Res judicata* "minimizes the expense and vexation of attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Alvear-Valez v. Mukasey*, 540 F.3d 672, 677 (7th Cir. 2008). Put another way, "*res judicata* is designed to enhance judicial economy by prohibiting repetitive litigation." *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir. 1984). "The applicability of *res judicata* hinges on three elements: (1) an identity of parties or their privies; (2) identity of the cause of action; and (3) a final judgment on the merits." *Mukasey,* 540 F.3d at 677 (quotation marks omitted). In addition to claims that were litigated, *res judicata* bars litigation of claims that "could have been raised" in the previous litigation, but were not. *Maher v. F.D.I.C.*, 441 F.3d 522, 526 (7th Cir. 2006).

Here, the first and third elements are easily met—the parties are identical to those in *Hill I*, and there was a final judgment on the merits in *Hill I* (the judge granted summary judgment in favor of Defendants and the

Seventh Circuit affirmed). Thus, the only element at issue is the second element—whether there is a sufficient identity of the cause of action.

According to the Seventh Circuit, the identity of the cause of action "is determined by using the 'operative facts' or 'same transaction' test." *Mukasey,* 540 F.3d at 677. Under this test, "a cause of action consists of a core of operative facts which give rise to a remedy." *Id*. In *Hill I*, Hill sued Potter for age and disability discrimination and for retaliating against her for engaging in protected activities. Specifically, she alleged that from 2002 through 2005—after she filed a series of EEOC complaints against her supervisors—(1) her hours were reduced and she was denied overtime hours so that she could not work a 40-hour work week, and (2) she was not promoted on three different occasions. The court in *Hill I* granted the Postal Service's motion for summary judgment finding that (1) Hill did not meet the definition of a disabled person under the Rehabilitation Act, and (2) the Postal Service had not retaliated against Hill by reducing her work hours and refusing to promote her to a clerk position. Specifically, the judge found that the reduction of Hill's hours was not an adverse action and that she failed to show the Postal Service's proffered reason for not promoting her to be pretextual.

In this case, Hill alleges that the Postal Service retaliated against her for filing EEOC complaints by revoking her no-lunch privileges in June 2005 and forcing her to work in an isolation area from May to June 2005. Defendant argues that Hill's claims are barred by *res judicata* because the claims here are "virtually identical" to those Hill made in *Hill I*. Alternatively, Defendant argues that even if the claims are different in some sense from those asserted in *Hill I*, they still are barred because they *could have been raised*, but were not, in *Hill I*. Plaintiff counters that her claims are not barred because the claims here were not raised and could not have been raised in *Hill I*. The Court agrees with Defendant.

The Seventh Circuit has explained that "[o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost. . . . Therefore, prior litigation acts as a bar not only to those issues which were raised and decided in the earlier litigation but also to those issues which could have been raised in that litigation." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.2d 589, 593 (7th Cir. 1986) (citations omitted); see also *Hagee*, 789 F.2d at 596 ("It would undermine the basic policies protected by the doctrine of *res judicata* to permit the appellants to once again avail themselves of judicial time and energy while another litigant, who has yet to be heard even once, waits in line behind them"). Moreover, the Seventh Circuit has made clear that "[t]he principle that *res judicata* extends to all matters within the purview of the original action, whether or not they were actually raised, is tantamount to a rule requiring parties to consolidate all closely related matters into one suit." *Hagee*, 729 F.2d at 514. Thus, in order to determine whether *res judicata* applies, the Court must first determine whether (1) Hill's claims are identical; (2) she could have amended her complaint to include the claims before this Court with the claims previously raised and adjudicated in *Hill I;* or (3) she could have consolidated her cases.

Plaintiff argues that the alleged injuries in the two cases are not identical and thus her claims are not barred. While the Court agrees with Plaintiff that her claims of retaliation are not identical, under the 'same transaction' test, the Court looks to the initial transaction that caused the supposed retaliation, not at the form of retaliation that allegedly ensued. According to Hill's complaints, all of her claims in both *Hill I* and this suit arise out of the series of EEOC complaints that she filed against her supervisors between 2002 and 2005, long before she filed either *Hill I* or this suit. In other words, all of her claims arise out of the same transaction. Principles of *res judicata* required that Hill either (1) amend her complaint in *either* suit to include all of the injuries that she contends arose out of the alleged retaliation for filing EEOC complaints from 2002 to 2005 or (2) consolidate this case with *Hill I*. See *Hagee*, 729 F.2d at 514 ("a party may not

| STATEMENT |
|---|

maintain two suits based on the same set of facts by the simple expediency of limiting the theories of recovery advanced in the first").

Hill observes that Defendant did not move to consolidate the cases earlier and contends that Defendant therefore cannot now argue the claims are barred by *res judicata*. The Seventh Circuit has made clear, however, that the Plaintiff is the master of her complaint. *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). And as the master of the complaint, the duty to consolidate the two suits arising out of the same transaction—the alleged retaliation for EEOC complaints filed from 2002-2005—was Hill's, not Defendant's.[2] In sum, because (1) the parties are identical to those in *Hill I*, (2) Defendant obtained summary judgment in *Hill I*, and (3) the claims presently before the Court could have been raised in *Hill I*, *res judicata* applies. Accordingly, Defendant's motion [96] is granted.

> [FN2] The Court notes that while Hill was originally acting *pro se* in both suits, she has had appointed counsel – in this lawsuit since May 2007 and in *Hill I* since March 2008 – who would have been able to seek leave to amend the complaints or move to consolidate the actions. The record also makes clear that both sets of lawyers were aware of the existence of the other suit.

Finally, because the Court now grants Defendant's motion, ending the suit, Plaintiff's motion for discovery [102] is denied as moot.

*[signature]*